JODI LINKER
Federal Public Defender
Northern District of California
JOYCE LEAVITT
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:    (510) 637-3500
Cellular:      (415) 517-4879
Email:         Joyce_Leavitt@fd.org

Counsel for Defendant ZEEB

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ZEEB,<br><br>Defendant. | **Case No.:**    CR 18–0039 JSW<br><br>**DEFENDANT'S SUPERVISED RELEASE DISPOSITION MEMORANDUM**<br><br>**Court:**          Courtroom 5, 2nd Floor<br>**Hearing Date:**  June 9, 2026<br>**Hearing Time:**  1:00 p.m. |

Defendant William Zeeb will appear before this Court on June 9, 2026, to be sentenced for his admitted violations of supervised release as described in the Petition for Warrant for Person Under Supervision filed July 22, 2025 ("Form 12"). At the last appearance on May 26, 2026, Mr. Zeeb admitted that he violated his conditions of release by (1) committing another federal, state or local crime, specifically misdemeanor obstructing a public officer, in violation of California Penal Code section 148(A)(1) (Charge Number One), (2) leaving the residential reentry center where he was required to remain for at least 90 days at the direction of the United States Probation Officer (Charge Number Two), (3) failing to refrain from the unlawful use of controlled substances specifically

amphetamine and morphine (Charge Number Three), and (4) failing to report to the probation officer as directed (Charge Number Four). The parties agree that the violations constitute Grade C violations and based on Mr. Zeeb's criminal history category of V, his advisory guideline range is 7 -13 months' custody. *See* United States Sentencing Guidelines (USSG) § 7C1.5. Mr. Zeeb asks the Court to sentence him to a low-end Guideline sentence of seven months' custody which would leave 14 months of supervised release available. In addition, Mr. Zeeb asks the Court to reimpose the condition that he reside at a residential drug program or sober living environment (SLE) as a condition of supervision but requests that the Court extend the period of participation for up to 180 days (rather than 90 days as was previously imposed). Such a sentence is sufficient to address the breach of trust committed by Mr. Zeeb while also taking into consideration the work that Mr. Zeeb is doing in custody to address his addiction and gain insight into his disease. The fact that Mr. Zeeb is requesting a residential drug program and continued supervision irrespective of what custodial sentence this Court imposes should assure the Court that he is serious in his commitment to change.

The Supreme Court has recognized that the purpose of supervised release is "to assist individuals in their transition to community life [and] . . . fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing 18 U.S.C. § 3553(a)(2)(D)). *See also United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (the court should sanction a violator for his 'breach of trust' but may not punish him for criminal conduct underlying the revocation.) A sentence of 7 months' custody followed by 14 months of supervised release with a condition that Mr. Zeeb reside at a residential drug treatment program or SLE for up to 180 days is an appropriate sanction which adequately addresses his breach of trust in this case for a few reasons.

First, at the heart of Mr. Zeeb's violation conduct is his intractable addiction to drugs, including methamphetamine (which he started to use daily at 16 or 17 years old) and heroin (which he started to use daily at 24 years old). *See* Presentence Investigation Report dated May 8, 2018 (PSR) at ¶ 63. Mr. Zeeb has struggled with his sobriety for the past 17 years, which is almost half his life, and all three revocations before this Court were precipitated by relapses and drug use, followed by criminal behavior. *See* Form 12 at p. l. Mr. Zeeb recognizes that he was given the opportunity to participate in

DISPOSITION MEMORANDUM
*ZEEB*, CR 18–0039 JSW

Newbridge previously, but by the time that he was ordered to attend, Mr. Zeeb had already relapsed and was unable to regain his sobriety in order to participate. He deeply regrets this missed opportunity and asks the Court to allow him to try again.

Since he's been in custody over the past few months, Mr. Zeeb has spent hours working to address his addiction, including taking drug treatment classes on his tablet, as well as those offered in person through the DEUCE (Deciding, Educating, Understanding, Counseling, and Evaluation) program. Mr. Zeeb also has been prescribed Subutex by the medical staff at the jail, which is a medication used to treat opioid addiction (including heroin, fentanyl or oxycodone)[1] and he has been clean and sober while in custody (which has not always been the case). Mr. Zeeb is motivated to continue programming upon release in order to gain the tools needed to finally address his sobriety.

Second, Mr. Zeeb is motivated to attend residential drug treatment, not only for himself but also for his daughter. Mr. Zeeb aspires to become a strong role model and a more present parent to his daughter who will be turning 13 years old this year and keenly aware that her father is in prison yet again. Mr. Zeeb also wants to demonstrate to his grandmother (who raised him from birth until age seven as well as throughout his life because his parents both struggled with addiction as well) that he can maintain his sobriety and she can be proud of him. Mr. Zeeb's grandmother has been diagnosed with Stage 4 cancer and he is heartbroken and desperate to show her who he can become. In addition, Mr. Zeeb has other individuals in his life who are ready to assist him in maintaining a prosocial, law abiding life once he is released.

Finally, Mr. Zeeb recognizes that he needs structure and support and is asking to be placed at a residential treatment program or sober living environment for up to 180 days and to remain on supervision. The probation officer indicated that she will be recommending a high-end sentence of 13 months' custody with no supervision to follow. While Mr. Zeeb understands that the probation officer does not want to waste resources given his past inability to take advantage of them, it is not a sufficient reason to impose more custody and no supervision. Many defendants ask for treatment in

---

[1] Subutex is comprised of buprenorphine, which attaches to the brains opioid receptors and allows a patient to function normally without the euphoric high, thereby reducing cravings and withdrawal symptoms. It also blocks other opioids from binding to the receptors, which helps reduce the effect of other opioids.

DISPOSITION MEMORANDUM
*ZEEB*, CR 18–0039 JSW

lieu of custody, or custody in lieu of treatment but not both. Some defendants would jump at the opportunity to serve a custodial sentence with no supervision to follow as both the probation officer and prosecutor have recommended in this case. Mr. Zeeb's request for a guideline custodial sentence to be followed by supervision and residential treatment is noteworthy, and should demonstrate to the Court that he is serious in his request for help. Irrespective of the length of custodial sentence which this Court imposes, Mr. Zeeb is still requesting up to 180 days of treatment and continued supervision. Mr. Zeeb is requesting a low-end custodial sentence in order to provide a longer period of supervision during which he can more successfully transition into the community. Mr. Zeeb is also aware that the federal public defender's office is a resource to assist with his re-entry as well and looks forward to continuing his programming out of custody.

For all of these reasons, Mr. Zeeb asks the Court to revoke his term of supervised release and impose a sentence of seven months' custody, followed by 14 months of supervised release. He further requests imposition of a condition that he reside at a residential drug treatment program or SLE for up to 180 days. Any custodial sentence above seven months would be greater than necessary to achieve the goals of sentencing.

Dated:   June 3, 2026

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S/
JOYCE LEAVITT
Assistant Federal Public Defender

DISPOSITION MEMORANDUM
*ZEEB*, CR 18–0039 JSW